IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CERMAK PRODUCE, INC., an Illinois Corporation, | ) ) ) Civil Action No.: |
| Plaintiff, | ) ) JUDGE |
| v. | ) ) |
| CICERO DIVERSEY, LLC, an Illinois Limited Liability Company, and GEORGE DERNIS, an individual, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Cermak Produce, Inc., an Illinois Corporation, by its undersigned attorneys, complains against Defendants Cicero Diversey, LLC, an Illinois Limited Liability Company, and George Dernis, an individual, (collectively "Defendants") as follows:

## THE PARTIES

1. Cermak Produce, Inc. ("Plaintiff') is an Illinois corporation with its principal place of business in Chicago, Illinois, that regularly conducts business in Cook County, Illinois, and is authorized to transact business in Illinois.

2. Cicero Diversey, LLC ("Cicero") is an Illinois limited liability company with its principal place of business in Chicago, Illinois, that regularly conducts business in Cook County, Illinois, and is authorized to transact business in Illinois.

3. George Dernis ("Dernis") is an individual residing in Lincolnwood, Illinois.

4. On information and belief, Dernis is a manager of Cicero, and is the primary decision maker for Cicero.

## STATUTORY BASIS AND NATURE OF ACTION

5. This is an action for federal trademark infringement under 15 U.S.C. § 1114.

6. This is further an action for unfair competition under 815 ILCS 510/2.

7. This is further an action for breach of contract.

## JURISDICTION AND VENUE

8. The court has personal jurisdiction over Plaintiff in that it is an Illinois juristic entity with a place of business in this district

9. The court has personal jurisdiction over Cicero in that it is an Illinois juristic entity with a place of business in this district.

10. The court has personal jurisdiction over Dernis in that he is an Illinois resident and resides in this district.

11. The court has subject matter jurisdiction over the federal trademark infringement claim under 28 U.S.C. § 1331.

12. The court has supplemental jurisdiction over the state law claims herein under 28 U.S.C. § 1367.

13. Venue is proper in this district under 28 U.S.C. § 1391 in that each of the defendants resides in Illinois, and because a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in this district.

## BACKGROUND

14. Plaintiff owns the mark "Cermak" (the "Mark" or "Trade Name") and has used the mark since at least as early as 1993 in connection with its sale of produce, meat and grocery items at various locations in the Chicagoland area.

15. Plaintiff's Mark is registered on the Principal Trademark Register as Reg. No. 5,759,150. Ex. A.

16. Plaintiff and its affiliated entities use the Mark at over nine (9) other locations in the Chicagoland area.

17. On May 18, 2018, Plaintiff filed a complaint in this Court against various parties, including DDSD Investors, LLC, Cermak Produce #3 Marketplace, Inc, and Dernis, in a case captioned *Cermak Produce Inc. v. DDSD Investors, LLC et al.*, 18-CV-03559 (N.D. Ill) (the "Lawsuit").

18. The parties settled the Lawsuit and entered into a Settlement Agreement.

19. As part of the Settlement Agreement, Plaintiff and Cicero, entered into a License Agreement (Ex. B), wherein Plaintiff granted Cicero a nonexclusive limited license to use the Trade Name only at a specific business location, 2820-30 North Cicero Avenue, Chicago, Illinois (the "Business Location").

20. On information and belief, Dernis is the sole Manager and Member of Cicero, and has knowledge of the Cicero's activities, materially contributes to the conduct of Cicero, has the right and ability to supervise the activity of Cicero, and has an obvious and direct financial interest in the activities of Cicero.

21. The License Agreement required that Cicero open the business at the business location on or before September 1, 2019. Ex. B, p. 1.

22. The License Agreement further provided that if Cicero did not open the business at the business location on or before September 1, 2019, the License Agreement would terminate. Ex. B, ¶ 8g.

23. Cicero did not open the business at the business location on or before September 1, 2019.

24. The License Agreement and Cicero's authorization to use Plaintiff's Trade name automatically and immediately terminated on September 1, 2019. Ex. B, ¶ 8g.

25. Upon termination of the License Agreement, Cicero and Dernis, as its sole Manager and Member and signatory on the License Agreement, agreed to cease and desist from all use of the Mark in any way, and agreed that they would not adopt or use, without Plaintiffs prior written consent, any word or mark which is likely to be confused with the Mark or suggest any affiliation, connection or association with Plaintiff or any other persons or entities which use the Mark in the conduct of their business. Ex. B, ¶ 8j.

26. On September 2, 2019, Plaintiff sent Defendants' counsel correspondence demanding that Cicero immediately cease and desist any and all attempts to utilize Plaintiff's Trade Name or any of Plaintiff's intellectual property in any form and specifically at the Business Location. A copy of the September 2, 2019 correspondence is attached as Exhibit C.

27. Plaintiff requested that Cicero and Dernis, as its sole Manager and Member, confirm compliance with this demand to cease and desist use of Plaintiff s Mark by no later than September 15, 2019.

28. To date, neither Cicero nor Dernis have responded to that they are complying with this request.

29. Plaintiff complied with all of the terms and conditions set forth in the License Agreement.

30. Defendants acknowledged Plaintiff's right and entitlement to, without need to post a bond or to show monetary or immediate damage, a Temporary Restraining Order, preliminary

injunction and/or permanent injunction and shall be entitled to recover attorney's fees, costs and expenses due to a breach of the License Agreement. (*See* Ex. B, ¶ 12).

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114)
### (All Defendants)

31. Plaintiff incorporates herein and re-alleges the allegations of paragraphs 1-30.

32. This Count is based on infringement of a trademark registered under the trademark laws of the United States and, more particularly, under 15 U.S.C. § 1051 et seq. Defendants unauthorized use of the confusingly similar brand "CERMAK" in association with Cicero's services is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of Defendants with Plaintiff, or as to the sponsorship, approval or affiliation of Defendants with Plaintiff, in violation of 15 U.S.C. §1114.

33. Each of the Defendants had actual notice or knowledge pursuant to 15 U.S.C. § 1072 and pursuant to the Lawsuit of the Registered Mark and Plaintiff's exclusive rights therein.

34. Defendants' actions constitute willful trademark infringement.

35. As a result of Defendants' willful infringement, Plaintiff is now, and will continue to be damaged and irreparably harmed and thus, Plaintiff has no adequate remedy at law.

36. On information and belief, Defendants will continue its actions alleged of infringement unless enjoined by this Court.

## COUNT II
## ILLINOIS DECEPTIVE TRADE PRACTICES (815 ILCS 510/2)
### (All Defendants)

37. Plaintiff incorporates herein and re-alleges the allegations of paragraphs 1 -30.

38. Plaintiffs CERMAK Mark is entitled to protection under 815 ILCS 510/2.

39. Defendants' use and promotion of the CERMAK Mark at Defendants' new store is likely to cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, sponsorship or approval by Plaintiff of Defendants' business.

40. Defendants' use of the CERMAK Mark at the Defendants' business constitutes a deceptive trade practice as that term is used in 815 ILCS 510/2.

## COUNT III
## BREACH OF CONTRACT
## (Cicero)

41. Plaintiff incorporates herein and re-alleges the allegations of paragraphs 1-30.

42. The License Agreement is a valid and subsisting contract between Plaintiff and Cicero.

43. Plaintiff has fully performed its obligations under the License Agreement.

44. The License Agreement states that: "Licensor hereby grants Licensee, and Licensee hereby accepts, a non-exclusive license to use the Mark (as defined below) pursuant to and in strict conformity with the terms and conditions of this License Agreement." Ex. B ¶ 2.

45. The License Agreement further states: "This License Agreement and Licensee's right to use the Mark shall commence on the Effective Date and shall terminate upon the first to occur of any of the following events (any such event shall be referred to as the "Event of Termination"): … g. Licensee shall fail to open the Business from the Business Location on or before September 1, 2019…." Ex. B, ¶ 8g.

46. Cicero did not open the Business at the Business Location on or before September 1, 2019.

47. The License Agreement automatically terminated.

48. Cicero did not discontinue all use of the Mark after September 1, 2019.

49. Plaintiff has sustained and is continuing to sustain damages by reason of Cicero's breach in an amount yet to be determined.

## JURY DEMAND

50. Plaintiff hereby demands a jury trial on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment:

A. that Defendants, individually and collectively, have infringed Plaintiff's Mark by way of their use of the Plaintiffs Mark;

B. that Defendants, individually and collectively, have breached the License Agreement by way of their use of the Plaintiffs Mark after the License Agreement terminated;

C. preliminarily and permanently restraining and enjoining Defendants, their managers, members, directors, officers, agents, servants, attorneys, employees, parent, subsidiaries, affiliates, related companies, successors and assigns, and all other persons or entities in active concert and/or participation with them who receive notice, from any further unfair competition;

D. ordering Defendants to account for and pay to Plaintiff its actual damages by reason of Defendants' unfair competition and such other damages as appear proper to the Court;

E. granting Plaintiff a judgment, pursuant to 815 ILCS § 510/2, for injunctive relief, costs and reasonable attorneys' fees;

F. granting Plaintiff a judgment for punitive damages in an amount to be determined;

  G. ordering Defendants to file in Court and to serve upon Plaintiff's counsel, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with this injunction;

  H. finding this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117 and awarding reasonable attorneys' fees to Plaintiff;

  I. awarding costs to Plaintiff; and

  J. granting Plaintiff such other and further relief as may be proper under the circumstances.

Dated: September 16, 2019    Respectfully submitted,

                /s/ Joseph M. Kuo
               Joseph M. Kuo (ARDC No. 6216400)
               Christopher S. Naveja (ARDC No. 6229936)
               Konstantinos Armiros (ARDC No. 066400)
               Saul Ewing Arnstein & Lehr LLP
               161 N. Clark Street, Suite 4200
               Chicago, Illinois 60601
               Tel: 312-876-7100
               Joseph.kuo@saul.com
               Christopher.naveja@saul.com
               Konstantinos.armiros@saul.com

               *Attorneys for Cermak Produce, Inc.*